66. August 23, 2022, Plaintiff informs her legal counsel and is advised that such notice is an official mandate and she must appear for the examination and to notify her supervisory chain of command and follow all protocols.

67. August 23, 2022, Plaintiff notifies her supervisor through her chain of command GS and Acting ASAC Weiner and Associate SAC Roberts that she has an official notice to appear and take her drug test the following morning between 10:00 and 11:00 am and she will be doing so in accordance with all rules and protocol with an escort from DEA, DEA supervisor Sara Dunlee.

68. August 24, 2022, the Plaintiff receives notification from her supervisory command Associate SAC Roberts who reply's "go for it". A tacit authorization for her to appear and take the designated drug test.

69. August 23, 2022, Plaintiff's escort DEA supervisor Sara Dunlea in compliance with all rules and procedures notifies her supervisory command ASAC who authorizes her to escort the Plaintiff into the building; during the test and then again out of the building following Plaintiff's mandated random drug screening examination.

70. August 24, 2022, Plaintiff meets her supervisory escort Sara Dunlea outside DEA property. Supervisor Dunlea escorts the Plaintiff into the building and properly registers Plaintiff at reception, obtains the proper entry identification for Plaintiff and herself and escorts the Plaintiff to the examination. Plaintiff takes test and is immediately escorted off DEA property.

71. On or about August 23, 2022, August 24, 2022, Plaintiff learns New York Division Counsel Michelle Warren and SAC Frank Tarentino were trying to prevent Plaintiff from taking her mandated drug test. The issue presented itself when New York Division Counsel

communicated with DEA Headquarters counsel who advised New York "**it won't be good for our case if she passes her drug test**". This is a reference to ongoing disciplinary matters and litigation Plaintiff filed with EEO. The official was certain it was DEA New York Division Counsel and SAC Tarentino in discussion with DEA Headquarters counsel but was not certain who specifically the attorney at DEA Headquarters was (*note: Jill McCann is the DEA Headquarters attorney assigned to pending DEA litigation against the Plaintiff*).

72. Plaintiff learns on or around August 24, 2022, SAC Tarentino contacts DEA OPR trying to get OPR to take immediate action for misconduct against both Plaintiff and the supervisor Sara Dunlea who escorted her during the mandatory testing. The deputy inspector rebuffed SAC Tarentino's ill-conceived retaliation attempts telling him Plaintiff received an official order mandating her to appear for an official duty purpose to take a drug test and she was required to do so.

73. September, 2022, Plaintiff learned that SAC Tarentino in yet another effort to retaliate against her for participating in a protected activity [taking the drug test] and for filing mixed case claim with EEO against the Defendant naming SAC Tarentino as one of the responsible parties, called SAC of the Miami Field Division informing her that he had initiated an adverse personnel action against Sara Dunlea who had just recently been promoted and transferred to Miami Field Division. This notification was made in attempts at persuading Sara Dunlea's new boss, the SAC of Miami, to carry out some sort of punitive action against Sara Dunlea at the behest of Tarentino. Plaintiff later became aware that the new SAC in Miami, Ms. Deanne Reuter also rebuffed Tarentino's requests as specious.

74. Tarentino retaliated against both Plaintiff and G/S Dunlea (Third Party) first by attempting to initiate a false/fabricated complaint of misconduct with OPR. The second act of

retaliation Tarentino initiated, under false pretenses, an adverse personnel action against G/S Dunlee for escorting Plaintiff to take her drug test (protected activity). A management review was initiated on October 18, 2023 (ordered by SAC Tarentino and assigned to subordinates to conduct).

75. ASAC Todd Riley and ASAC Farhava Islam conducted the review directed by SAC Tarentino, ASAC Islam conducted herself in a hostile manner and asked questions of a confidential nature about Plaintiff's EEO and OPR case in an attempt to compel and solicit information from a potential witness in ongoing matters currently in litigation. Dunlea was inappropriately asked to violate DEA confidentiality policy pertaining to ongoing OPR internal investigations of other DEA Employees. Dunlea was also asked to participate or facilitate meddling/obstruction into ongoing legal matters (which were pending litigation before an official administrative body, DEA/EEO Office) at the directive of SAC Tarentino.

76. On December 19, 2022, G/S Sara Dunlea informed the Deputy SAC of NY about what had occurred in her management review meeting with ASAC Farhana Islam that she was harassed and retaliated against and questions asked were beyond the scope of a management review and felt it was payback retaliation for her escorting (as protocol required) Plaintiff to take her random drug screening examination. DEA failed to take any corrective measures against responsible management to stop the retaliation and harassment..

77. On February 10, 2023, SAC Tarentino sends an emissary from his office to meet Plaintiff. Plaintiff is given a letter dated 1/25/2023 of proposed disciplinary action – removal and notice of the additional disciplinary personnel action taken against her (non-drug evidence issue from five years past in 2018) by the Defendant in retaliation.

14

78. In or around March 16, 2023, Plaintiff learns EEO Official investigation was never completed in the required 180-day period. DEA Attorney from EEO Adam Walker notified appellant's counsel of its failure to meet deadline.

79. On or about April 19, 2023, Plaintiff learns Defendant (OPR and other senior managers) withheld and omitted exculpatory evidence about Jose Irizarry and his wife which showed a clear pattern and practice of Jose and his wife providing blue pills to other DEA employees in attempts to seduce them into having sex with them together. DEA willfully attempted to obstruct, mislead and mischaracterize the conduct of the Plaintiff and her interactions with Jose and Nathalie Irizarry knowing that Jose and his wife had exhibited a pattern and practice of soliciting other DEA employees and associates with drugs to entice them into having group sex with them. DEA was aware of such predilection and predatory behavior long before the events described herein were alleged and took place. Plaintiff has learned at least two other persons who were preyed upon by Jose Irizarry and his wife before doing the same to Plaintiff in which DEA senior management investigated such and forwarded said reports of incident to OPR and DEA HQ. Nonetheless, DEA chose to obfuscate and cover up for its prior failure to address criminal activities of Irizarry. By doing so, it knowingly placed not only the Plaintiff in harms way, but numerous other employees.

80. On April 26, 2023, Plaintiff receives Deciding Official's decision letter of Removal upholding all previous charges levied against her stemming from the 2017 dinner/pool event hosted by Jose and Nathalie Irizarry in Cartagena CB it includes an additional charge the defendant's levied against her during their six year investigation; see paragraph #78 infra.

81. On May 1, 2023, Plaintiff has her mixed case filed in MSPB under original jurisdiction pending final agency decision by U.S. Department of Justice CAO Civil rights

division, U.S. Department o Justice (Plaintiff has lawful rights to pursue her mixed case claim either in MSPB or in an appropriate U.S. District Court, civil suit).

82. On September 8, 2023, Plaintiff receives Final Agency Decision and Right to File in U.S. District Court.

83. On or about October 16, 2023, Plaintiff learned a DEA official from Chief Council's Office contacted a witness, Sara Dunlea, who had information supporting Plaintiff claims of retaliation and her own potential claims of retaliation by SAC Tarentino. Sara Dunlea felt intimidated by the official so much so that she believed it prudent to contact and retain a private attorney. (SAC Tarentino, in concert with other senior DEA officials both known and unknown, attempted to obstruct and interfere with an official lawful administrative process [The Random Drug Screening Examination] (see paragraphs #65-72 infra for reference)).

84. October 25, 2023, Plaintiff invokes her right and timely files the instant civil suit in an appropriate U.S. District Court, Southern District of NY (SDNY).

## Count One

**(Federal Workplace discrimination (Sexual Orientation) of Title VII of Civil Rights Act of 1964, U.S.C. §2000e-16.**

85. The foregoing paragraphs are re-alleged and incorporated by reference herein.

86. The Defendant's conduct as alleged herein constitutes discrimination based on sex and sexual orientation. The reasons for the Defendant's conduct were not the true reasons but instead were a pretext to hide the Defendant's discriminatory animus for employees who are LBGTQ and/or with dissimilar sexual orientation, as was their conduct throughout up to and

including Plaintiff being fired; Improper post removal conduct by Defendant's continued throughout her attempts to defend herself involving retaliation and obstruction during agency EEO and other administrative proceedings/stages prior to Agency final decision and the filing of the instant complaint.

## Count Two

**(Federal Workplace Discrimination sex (Gender) In Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16.)**

87. The foregoing paragraphs are re-alleged and incorporated by reference herein.

88. The Defendant's conduct as alleged above constitutes discrimination based on sex (gender) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16 and related state laws of NY. The reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

## Count Three

**(Federal workplace Discrimination (Retaliation) in Violation of Title VII Civil Rights Act of 1964 42 U.S.C. §2000e-16)**

89. Plaintiff re-alleges and incorporates by reference each allegation contained in each aforementioned paragraphs as set forth herein.

90. The Defendant's conduct as alleged above constitutes discrimination based on retaliation. The reasons for the Defendant's conduct were not the true reasons but instead were pretext to hide the Defendant's failure to comply with law.

## Count Four

**(Violation of Law, Rule or Regulation, 5 U.S.C. §2302 (b)(1)(A), Prohibited Personnel Practice, Discrimination (Disciplinary Action, Removal))**

91. The foregoing paragraphs are re-alleged and incorporated by reference herein.

92. The reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's failure to comply with the law.

## Count Five

**(Violation of law, rule or regulation or policy - 5 U.S.C. §2302(b)(4) Prohibited Personnel Practice, Obstruct Right to Employment)**

93. The foregoing paragraphs are re-alleged and incorporated by reference herein.

94. The Defendant's conduct as alleged above constitutes a violation of law, rule or regulation which violates actions taken to willfully obstruct or interfere in a person's right to employment.

95. The reasons for the Defendant's conduct is not the true reasons but instead were pretext to hide the Defendant's failure to comply with the law.

## Count Six

**(Violation of law, rule or regulation, 5 U.S.C. §2302(b)(9)(A), Prohibited Personnel Practice (Taking Personnel Action Against Employee for Exercising a Legal Right to File an EEO Claim)**

96. The foregoing paragraphs are re-alleged and incorporated by reference herein.

97. The Defendant's conduct as alleged constitutes a violation of law, rule or regulation which prohibits the taking of a personnel action against an employee because of: the employee exercising a legal right to make an EEO claim, exercise any appeal, complaint, grievance or right granted by any law, rule or regulation.

### Count Seven

**(Violation of law, rule or regulation, 5 U.S.C. §2302(b)(9)(B), Prohibited Personnel Practice (Taking Personnel Action Against an Employee a Third Party Testifying or Assisting an Employee Exercise a Legal Right or Claim)**

98. The foregoing paragraphs are re-alleged and incorporated by reference herein.

99. The Defendant's conduct as alleged constitutes a violation of law, rule or regulation which prohibits the taking of a personnel action against and employee of a third party testifying or assisting an employee exercise a legal right or claim.

100. The reasons for the Defendant's conduct were not the true reasons but instead were pretext to hide the Defendant's failure to comply with the law.

### Count Eight

**(Violation of law, rule or regulation, 5 U.S.C. §2302(b)(9)(D), Prohibited Personnel Practice (Taking Personnel Action Against an Employee for Refusing to Obey an Order that Would Require the individual to Violate a Law, Rule or Regulation)**

101. The foregoing paragraphs are re-alleged and incorporated by reference herein.

102. The Defendant's conduct as alleged constitutes a violation of law, rule or regulation which prohibits taking a personnel action against an employee for refusing to obey an order that would require the individual to violate both federal and state criminal laws

103. The reasons for the Defendant's conduct were not the true reasons but instead were pretext to hide the Defendant's failure to comply with the law.

### Count Nine

**(Violation of Law, Rule or Regulation, 5 U.S.C. §2302(b)(10), Discriminate Against an Employee for Conduct Which Does Not Adversely Affect the Performance of the Employee or Others)**

104. The foregoing paragraphs are realleged and incorporated by reference herein.

105. The Defendant's conduct as alleged above constitutes a violation of law, rule or regulation which discriminates against an employee on the basis of sex and sexual orientation, for conduct which did not adversely affect the performance of the employee or others.

106. The reasons for the Defendant's conduct were not the true reasons but instead were pretext to hide the Defendant's failure to comply with the law.

### Count Ten

**(Federal Workplace Discrimination Sex (Sexual Orientation) in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16)**

107. The foregoing paragraphs are re-alleged and incorporated by reference herein.

108. The Defendant's conduct as alleged herein constitutes discrimination retaliation based upon the sex and sexual orientation.

109. The reasons for the Defendant's conduct were not the true reasons but instead a pretext to hide the Defendant's discriminatory animus for employees who are LBGTQ and/or with dissimilar sexual orientation as was their conduct when Defendants took adverse personnel action leading to her removal and suspended her eligibility to national security information, i.e. revoked her security clearance because DEA did not believe Plaintiff's conduct or actions (*the consensual bi-sexual (LBGTQ) embrace and kissing of another woman*) conformed to DEA's stereotypes about the way men or women are expected to behave.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests the following:

110. The Court enter an order of Judgment against the Defendants in the Plaintiff's favor on all claims asserted in this Complaint.

111. Immediate and full restoration to her position, including all benefits owed or in arrears.

112. Credit without separation for all time while out commencing initially with her being placed on administrative leave, suspension without pay through her removal proceeding to the present.

113. All Step increases while out.

114. Properly corrected SF-50

115. The sum of $300,000 for each year since 2022 in compensatory and punitive damages suffered because of the violation(s) of discrimination and other laws as set forth within this complaint.

116. The sum of $500,000 pursuant to 42 U.S.C. 1981a

117. Reasonable attorney's fees, costs incurred and interest pursuant to 42 U.S.C. 1981 et. seq. The Civil Rights Act of 1964 and 102 of the Civil Rights Act of 1991.

118. Such other damages and further relief this Court deem fair and just.

## JURY DEMAND

119. Plaintiff requests trial by jury on all claims so triable.

            Respectfully submitted
            this 25th Day of October, 2023
            Plaintiff, Jane Doe
            By her Attorney

            /s/ Raymond Mansolillo

            Raymond Mansolillo Esq.
            Main Office
            One Marina Park Drive, Suite 1410
            Boston, MA  02210
            Tel. 401.640.4225
            Email.  rmansolillo@cox.net

            Satellite Office:
            14 Wall Street, FLR 20
            New York, 10005

## CERTIFICATE OF SERVICE

I certify that the aforementioned complaint was filed electronically via ECF on October 25, 2023.

/s/ Raymond Mansolillo

Raymond Mansolillo