```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/31/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE, proceeding under a pseudonym,

  Plaintiff,

-against-

UNITED STATES DEPARTMENT OF JUSTICE DRUG ENFORCEMENT ADMINISTRATION, and MERRICK B. GARLAND, *as Attorney General of the U.S. Department of Justice*,

  Defendants.

1:23-cv-09407-MKV

**ORDER DENYING MOTION TO PROCEED UNDER A PSEUDONYM**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff initiated this action by filing a complaint under the name of anonymous "Jane Doe," raising claims under Title VII of the Civil Rights Act of 1964 and the Civil Service Reform Act of 1978. [ECF No. 4] ("Compl."). Plaintiff also filed an *ex parte* motion to proceed under a pseudonym. [ECF No. 2] ("Mot."). For the reasons set forth below, the motion is DENIED.

## DISCUSSION

At the outset, the Court notes that Plaintiff's motion fails to cite a single controlling case. The motion cites three District of Rhode Island cases; two Ninth Circuit cases, one citing a Sixth Circuit case; and a Fifth Circuit case quoting from a District of Montana case. Mot. 4–5. Decisions from the Second Circuit, in which the Southern District of New York is located, make clear that Plaintiff's motion is without merit.

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, a "complaint must name all the parties." Fed. R. Civ. P. 10(a). This Rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d Cir. 2008). "[P]seudonyms are the exception and not the rule, and in order to receive the protections

of anonymity, a party must make a case rebutting" "the presumption of disclosure." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020)

The question for the Court is whether Plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 189 (internal quotation marks omitted). The Second Circuit has identified a "non-exhaustive" list of factors that a district court should consider when ruling on a motion to proceed pseudonymously. *Id.* Specifically, the Court assesses:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of [her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Pilcher*, 950 F.3d at 42 (quoting *Sealed Plaintiff*, 537 F.3d at 189–90). The Court is not required to list each of the factors or to "use any particular formulation," provided that it "balance[s] the interests at stake." *Sealed Plaintiff*, 537 F.3d at 191 n.4. In consideration of these factors, Plaintiff's showing is wholly insufficient to demonstrate that this case meets the exception to the requirement that parties litigate in their own names. *See Pilcher*, 950 F.3d at 45.

Plaintiff primarily argues that pseudonymity is warranted because the complaint discloses "highly personal and sensitive matters of sexual intimacy and the sexual orientation of the Plaintiff." Mot. 4. First, although district courts have recognized that "claims involving sexual

orientation" *may* be of a "highly sensitive or personal nature," *Michael v. Bloomberg L.P.*, No. 14-CV-2657 TPG, 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015), plaintiffs alleging discrimination on the basis of sexual orientation in this Circuit have long proceeded in their own names.  *See, e.g.*, *Zarda v. Altitude Express, Inc.*, 883 F.3d 100, 107 (2d Cir. 2018) (en banc); *Dawson v. Bumble & Bumble*, 398 F.3d 211, 213 (2d Cir. 2005), *overruled by Zarda*, 883 F.3d 100; *Simonton v. Runyon*, 232 F.3d 33, 34 (2d Cir. 2000), *overruled by Zarda*, 883 F.3d 100; *see also Lugo v. Lesbian & Gay Cmtys. Serv. Ctr.*, No. 21-CV-7423 (VSB), 2023 WL 6648913, at *1 (S.D.N.Y. Oct. 12, 2023); *Gamble v. Fieldston Lodge Nursing & Rehab. Ctr.*, No. 20-CV-10388-LTS, 2023 WL 6393739, at *1 (S.D.N.Y. Sept. 30, 2023); *Mercado v. Mount Sinai Beth Israel*, No. 1:21-CV-10467 (JLR), 2023 WL 5975322, at *1–*2 (S.D.N.Y. Sept. 14, 2023); *Cruz v. Bernstein Litowitz Berger & Grossman LLP*, No. 20-CV-8596 (VF), 2023 WL 2691456, at *1 (S.D.N.Y. Mar. 29, 2023).

In any event, the complaint does not directly allege Plaintiff's sexual orientation.  Rather, the complaint alleges that Plaintiff *engaged in* "bisexual conduct" with a colleague.  Compl. ¶ 41; *see also id.* ¶ 109 (alleging that Plaintiff engaged in a "consensual bi-sexual (LBGTQ) embrace and kissing of another woman").  Nowhere does the complaint allege that Plaintiff herself is bisexual.  Allegations of sexual activity alone do not justify pseudonymity.  Courts have denied leave to proceed pseudonymously in cases involving far more sensitive alleged sexual activity or misconduct.  *See, e.g.*, *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (denying motion to proceed pseudonymously despite "highly sensitive" allegations of "sexual[] assault[] while unconscious, and . . . sexual harassment following the incident"); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020) (similar).  And this is not a case where Plaintiff's alleged sexual conduct is tied to a highly sensitive health condition, such as HIV or AIDS, the revelation of which might subject Plaintiff to public stigmatization.  *See, e.g.*, *Doe v. St. Vincent's Servs.,*

*Inc.*, No. 20CV6215WFKRML, 2021 WL 7909266, at *2 (E.D.N.Y. Sept. 29, 2021); *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003); *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988); *see also Doe v. Del Rio*, 241 F.R.D. 154, 160 n.10 (S.D.N.Y. 2006) (collecting cases). Plaintiff argues that disclosure of her identity, because of her sexual orientation and the sexual conduct alleged, may cause her to suffer "ridicule and personal embarrassment." Mot. 5. However, this Circuit's case law is clear that "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity." *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14 CIV. 5601 HBP, 2015 WL 7017431, at *3 (S.D.N.Y. Nov. 12, 2015). Thus, while Plaintiff's complaint does touch on topics that may be somewhat "sensitive" and "personal," *Sealed Plaintiff*, 537 F.3d at 190 (internal quotation marks omitted), these matters are not of the degree to justify the exceptional grant of pseudonymity. *See Rives v. SUNY Downstate Coll. of Med.*, No. 20CV621RPKSMG, 2020 WL 4481641, at *2 (E.D.N.Y. Aug. 4, 2020).

Moreover, with respect to the second and third *Sealed Plaintiff* factors, Plaintiff has not identified any non-speculative harms to herself or innocent non-parties that would attend proceeding under her real name. Plaintiff vaguely claims that disclosure of her identity "will unduly stigmatize [her] and hinder [her] personal, reputational and career aspirations, and thereby force [her] to endure further damages." Mot. 3. These unsubstantiated concerns about reputational and professional consequences of disclosure do not suffice—they "are speculative and baseless, as they are premised on conjecture." *Vega v. HSBC Sec. (USA) Inc.*, No. 16CV9424JGKKNF, 2019 WL 2357581, at *2 (S.D.N.Y. June 4, 2019); *see Rives*, 2020 WL 4481641, at *3. These concerns also presume that Plaintiff's potential future employers "may act in violation of statutes prohibiting employment discrimination." *Vega*, 2019 WL 2357581, at *2 ("No basis exists to

presume that prospective employers would violate the law and, even if they do, the law provides remedies to the plaintiff for such violations.").

"In the absence of stronger privacy interests or better substantiated concerns of collateral harms," the Court does "not find anonymity justified simply because a government entity is named as defendant" pursuant to the fifth *Sealed Plaintiff* factor. *Rives*, 2020 WL 4481641, at *3. This factor typically applies in favor of pseudonymity only when a plaintiff "demonstrates that disclosure . . . may subject [her] to harm in the form of criminal prosecution or civil penalties" by the government, which is not the case here. *Abdel-Razeq*, 2015 WL 7017431, at *6.

With respect to the sixth *Sealed Plaintiff* factor, Plaintiff contends that "Defendant[s] in this case are not prejudice [sic] as they already know the true identity of the Plaintiff." Mot. 4. But mere knowledge of Plaintiff's identity does not cure Defendants' potential prejudice. Allowing Plaintiff to proceed pseudonymously could "disadvantage Defendants at all stages of litigation, including settlement, discovery, and trial," because "Plaintiff's anonymity would make it more difficult [for Defendants] to obtain witnesses and witness testimony," result in "Defendants [having] less leverage in settlement negotiations," and render Defendants unable "to fully and adequately cross-examine the Plaintiff." *Skyline Autos.*, 375 F. Supp. 3d at 407.

The remaining *Sealed Plaintiff* factors either favor Defendants, or Plaintiff's motion does not provide sufficient information for the Court to conclude otherwise. As to the fourth and seventh factors, Plaintiff does not appear to be of a particularly vulnerable age, nor does she argue that she has kept her identity confidential with respect to these allegations to date. Considering the eighth and ninth factors, "the public's interest in identifying the parties to a proceeding is significant," *Rives*, 2020 WL 4481641, at *3, and no unique circumstances of this case make that interest atypically weak, *see Vega*, 2019 WL 2357581, at *2. Finally, because pseudonymity is

not warranted given Plaintiff's limited privacy interest, the Court need not consider alternative mechanisms to protect Plaintiff's confidentiality under *Sealed Plaintiff*'s tenth factor. *See id.*

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed under a pseudonym as Jane Doe is DENIED. Plaintiff is ORDERED to publicly file a version of the complaint under her true, legal name within seven days of the date of this Order. The Clerk of Court is respectfully directed to amend the caption of this action accordingly at that time. The Clerk of Court is further respectfully requested to terminate the motion pending at docket entry number 2.

**SO ORDERED.**

Date: **October 31, 2023**
      **New York, NY**

*[signature]*
**MARY KAY VYSKOCIL**
**United States District Judge**