

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 27, 2024

**By ECF**
Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Danielle Dreyer v. Merrick B. Garland, et al.*, No. 23 Civ. 9407 (MKV)

Dear Judge Vyskocil:

      This Office represents the defendants Merrick B. Garland, Anne Milgram, the U.S. Department of Justice ("DOJ"), and the U.S. Drug Enforcement Administration ("DEA") (collectively, the "Government") in the above-referenced "mixed" employment action brought by plaintiff Danielle Dreyer ("Plaintiff") under Title VII and various provisions of 5 U.S.C. § 2302.[1] The Government writes pursuant to Rule 4(A)(i) of the Court's Individual Rules of Practice to request a pre-motion conference to discuss the Government's anticipated motion to dismiss the Amended Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) for failure to timely commence this action, failure to exhaust administrative remedies, and failure to state a claim. To ensure that the Court can freely consider administrative materials relevant to the exhaustion and statute of limitations issues, the Government will move for summary judgment in the alternative under Rule 56.

**I.**      **Factual and Procedural Background**

      Plaintiff is a former DEA special agent who was removed in April 2023 after the agency learned that Plaintiff had engaged in outlandish behavior during a work trip to Cartagena, Colombia in September 2017. Am. Compl., Dkt. No. 17, ¶¶ 9, 15–19, 80. Jose Irizarry—a former Cartagena-based DEA special agent who has since been sentenced to 145 months' imprisonment for fraud- and money laundering-related crimes[2]—hosted a party that Plaintiff and several DEA and law enforcement colleagues attended. Am. Compl. ¶ 11. There, Plaintiff entered a hot tub with at least six other people who were mostly nude and drinking alcohol. *Id.* ¶ 15. Plaintiff squirted milk from her lactating breasts for an audience and "kissed and embraced" a female DOJ prosecutor from Ohio. *Id.* ¶¶ 15–16. That night, and during a boat ride the next day, Irizarry's wife gave Plaintiff a "blue pill," which Plaintiff allegedly believed was a roofie or Viagra. *Id.* ¶¶ 13, 19, 24, 26. In January 2022, Plaintiff was interviewed by the DEA's Office of Professional Responsibility ("OPR") regarding her conduct at the party during which time an OPR investigator allegedly yelled at and embarrassed Plaintiff. *Id.* ¶¶ 38, 41.

      In April 2022, Plaintiff's security clearance was suspended and she was placed on administrative leave; she was indefinitely suspended from her position in July 2022. *Id.* ¶¶ 58,

---

[1] "[A] 'mixed' case involves both a claim of discrimination and a challenge to other types of prohibited personnel actions taken by the agency that are ultimately appealable to the Merit Systems Protection Board ('MSPB')." *Fernandez v. Chertoff*, 471 F.3d 45, 53 (2d Cir. 2006).
[2]   *See*  www.justice.gov/opa/pr/former-dea-special-agent-sentenced-prison-money-laundering-and-fraud-scheme (last visited Feb. 26, 2024).

63. On August 2, 2022, Plaintiff filed an Equal Employment Opportunity ("EEO") complaint challenging the suspension of her security clearance and her indefinite suspension, among other things. *Id.* ¶ 64. One week later, Plaintiff filed an appeal with the MSPB in which she also challenged her indefinite suspension; the MSPB appeal was dismissed in September 2022 as premature because her EEO complaint was still pending. In April 2023, Plaintiff was notified that she was being removed from the DEA.[3] *Id.* ¶ 80. On May 16, 2023, Plaintiff filed a second appeal to the MSPB regarding her removal. On September 8, 2023, a final agency decision was issued finding no evidence to support the disparate treatment and hostile work environment claims raised in Plaintiff's EEO complaint. Am. Compl. ¶ 82. Plaintiff moved to dismiss her second MSPB appeal on October 23, 2023. Two days later, Plaintiff commenced this lawsuit. *Id.* ¶ 84. On November 6, 2023, Plaintiff's second MSPB appeal was dismissed.

## II. Argument

### A. Improperly Named Defendants

As a threshold matter, the only proper defendant is Merrick Garland, and claims against all other defendants must be dismissed. *See, e.g.*, *Williams v. Soc. Sec. Admin.*, No. 1:23-CV-2348 (LTS), 2023 WL 3728375, at *5 (S.D.N.Y. May 30, 2023) ("The proper defendant for . . . [Title VII] claims brought by a current or former federal employee is the head of the relevant agency."); *Whitby v. Chertoff*, No. 5:08-CV-242 (HL), 2010 WL 431974, at *2 (M.D. Ga. Feb. 2, 2010) (proper defendant in a "mixed case . . . is the head of the employing agency").

### B. "Mixed" Claims Must Be Dismissed as Untimely

Plaintiffs who assert "mixed" claims in an EEO complaint must commence suit within 30 days after a final agency decision is issued. *See, e.g.*, *Ezeh v. VA Med. Ctr., Canandaigua, NY*, No. 13-CV-06563 (EAW), 2014 WL 4897905, at *16 (W.D.N.Y. Sept. 29, 2014) ("If the employee chooses to file his complaint with the relevant EEO agency . . . , he may appeal the matter to the MSPB within 30 days of receipt of the agency's final decision, or he may file an action in federal court within 30 days. . . ."). Here, Plaintiff received the final agency decision on September 8, 2023, but did not file her initial complaint until October 25, 2023—47 days later. *See* Am. Compl. ¶¶ 82, 84; Dkt. No. 1. Plaintiff timely filed her pure Title VII discrimination claims (that were not appealable to the MSPB) within the applicable 90-day deadline, but her mixed claims must be dismissed as untimely—including any claim based on her indefinite suspension, removal, and any other action that could have been appealed to the MSPB. *See, e.g.*, *Bobelu-Boone v. Wilkie*, 526 F. Supp. 3d 971, 979 (D.N.M. 2021) (applying 30-day deadline to "mixed" termination claim but 90-day deadline to Title VII hostile work environment claim and noting that Title VII's usual 90-day limit "applies to a non-mixed case claim only").

### C. Failure to Exhaust Administrative Remedies

To the extent that Plaintiff argues that her removal was not encompassed within the EEO proceedings (because she did not affirmatively raise it there), any claim based on her removal must be dismissed for failure to exhaust administrative remedies. "Government employees alleging discrimination in violation of Title VII or challenging personnel practices prohibited by the Civil Service Reform Act must exhaust administrative remedies before bringing their claims to federal court." *Hamilton v. Geithner*, 666 F.3d 1344, 1349 (D.C. Cir. 2012) (citations omitted). To do so, plaintiffs pursuing "mixed" cases may either "(1) file a discrimination

---

[3] Plaintiff was also investigated for mishandling evidence (Am. Compl. ¶ 44), but her removal was based on her conduct in Cartagena—not on any evidentiary oversights.

complaint with the agency through the agency's . . . [EEO] Office, or (2) file an appeal directly with the MSPB." *Rodgers v. Perez*, 139 F. Supp. 3d 67, 71 (D.D.C. 2015). Here, Plaintiff never affirmatively raised her removal in the EEO proceedings and instead filed a second MSPB appeal to challenge her removal, which she moved to dismiss before the MSPB ruled on her challenge. To the extent that her removal was not within the scope of the EEO proceedings, any removal-based claims must be dismissed for failure to exhaust.

Plaintiff also asserts several claims under the Whistleblower Protection Act (counts 6–8), but Plaintiff has not exhausted these claims with the Office of Special Counsel. These claims must therefore be dismissed. *See, e.g.*, *Chinniah v. FERC*, 62 F.4th 700, 702 (2d Cir. 2023) ("[E]mployees with WPA claims must generally 'seek corrective action from the [Office of] Special Counsel' and then 'the [Merit Systems Protection] Board.'").

### D. Failure to State a Claim

The Amended Complaint must also be dismissed for failure to state a plausible claim.[4] Plaintiff claims sexual orientation and gender discrimination in violation of Title VII, but she alleges no non-conclusory facts that would support an inference that any adverse actions were motivated by discriminatory animus. *Walker v. Triborough Bridge & Tunnel Auth.*, No. 21-CV-474 (VEC), 2021 WL 5401483, at *1 (S.D.N.Y. Nov. 18, 2021) ("[A] plaintiff must plausibly allege that she suffered discrimination *because of* her protected characteristic(s). Mere recitations of a plaintiff's membership in a protected class and a litany of incidents of poor treatment . . . do not pass muster."). Even Plaintiff's own version of events as pled in the Amended Complaint provides an "obvious alternative explanation" for the adverse acts—meaning Plaintiff was not discriminated against but rather suspended and removed for engaging in unprofessional behavior during a work trip.[5] *See Cancel v. Home Depot*, 488 F. App'x 520, 521 (2d Cir. 2012) ("When reviewing the plausibility of discrimination claims, we may consider obvious alternative explanations for the adverse action.").

Plaintiff's retaliation claims are equally implausible. The investigatory and disciplinary process that led to Plaintiff's suspension and removal began *before* Plaintiff engaged in any protected activity. There are simply no allegations of protected activities before Plaintiff's January 2022 interview with OPR. Am. Compl. ¶ 38; *see, e.g.*, *Wang v. Palmisano*, 157 F. Supp. 3d 306, 327 (S.D.N.Y. 2016) ("[T]he requisite causal connection will falter if the employer's complained-of conduct began before the employee's corresponding protected activity." (collecting cases)).

While Plaintiff pleads several violations of 5 U.S.C. § 2302, Plaintiff's claims are fundamentally flawed. For example, Plaintiff asserts a claim under 5 U.S.C. § 2302(b)(4), which prohibits employers from "deceiv[ing] or willfully obstruct[ing] any person with respect to such person's right to compete for employment." *See* Am. Compl. ¶¶ 93–95 (count 5). But Plaintiff has not alleged facts suggesting that she applied for or was competing for other jobs. *See Stanton v. Reukauf*, No. 10-cv-633 (RLW), 2012 WL 379931, at *5 (D.D.C. Feb. 6, 2012) (declining to review administrative determination that Section 2302(b)(4) did not apply to plaintiff who had been terminated because the plaintiff "was not applying or competing for another position"), *aff'd*, 2013 WL 3357807 (D.C. Cir. June 20, 2013).

---

[4] Mindful of the Court's three-page limit, the Government only briefly summarizes why Plaintiff has failed to state a plausible claim.

[5] The suspension of Plaintiff's security clearance is not subject to judicial review. *See, e.g.*, *Meadows v. Mukasey*, 555 F. Supp. 2d 205, 212–13 (D.D.C. 2008).

For the reasons set forth above, the Government respectfully requests that the Court schedule a pre-motion conference or set a briefing schedule for the Government's anticipated motion to dismiss or, alternatively, for summary judgment.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

BY: /s/ Mark Osmond
MARK OSMOND
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2713
Mark.Osmond@usdoj.gov